UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JACQUELINE HAYES,                                    Case No. 12-CV-0577 (PJS/FLN)

                    Plaintiff,

v.
                                                                ORDER
FEDERAL BUREAU OF PRISONS;
NICOLE ENGLISH, Warden; R. RIOS,
Warden; MR. ABBOTT, UNICOR Manager;
MR. DIAZ, UNICOR Manager;
MS. ANDERSON, Medical Services
Administrator; DR. WILLIS, Medical
Services Provider; MR. ISAACCSON, Unit
Manager; MS. HILLER, Case Manager;
MS. L JONES, Case Manager;
MR. INVAQSON, all sued in their individual
and official capacities as Administrative Staff
at FCI-Waseca, Minnesota,

                    Defendants.

Jacqueline Hayes, pro se.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for defendants Federal
Bureau of Prisons, Nicole English, R. Rios, Mr. Abbott, Mr. Diaz, Ms. Anderson,
Mr. Isaaccson, Ms. Hiller, Ms. L Jones, and Mr. Invaqson.

Andrea Pavelka Hoversten and Robert M. Mahoney, GERAGHTY O'LOUGHLIN &
KENNEY, PA, for defendant Dr. Willis.

This action arises out of a work-related, repetitive-stress injury that plaintiff Jacqueline

Hayes allegedly suffered as a result of her work for UNICOR during her incarceration at FCI-

Waseca.  Construed liberally, Hayes's amended complaint alleges (1) Eighth Amendment claims

of deliberate indifference to a serious medical need under *Bivens v. Six Unknown Named Agents*

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (2) intentional- or negligent-infliction-of-

emotional-distress claims under the Federal Tort Claims Act ("FTCA"); and (3) a medical-malpractice claim against Dr. Willis, who treated Hayes while she was incarcerated.

This matter is before the Court on the objection of defendants Federal Bureau of Prisons ("BOP"), Michael Abbott, and Jorge Diaz (collectively "defendants") to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated January 29, 2014. Defendants object to the recommendation that summary judgment be denied as to Hayes's Eighth Amendment claims against Abbott and Diaz, as well as to the recommendation that Hayes's FTCA claims be dismissed without (rather than with) prejudice. Defendants also object to the invitation to Hayes to seek leave to amend her complaint to add claims under the Inmate Accident Compensation Act ("IACA"). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

As defendants note, this case is in an unusual procedural posture. Under the scheduling order issued on October 24, 2012, all discovery in this case had to be completed by June 1, 2013. ECF No. 25. Defendants filed their motions for summary judgment in May 2013. Hayes did not respond in any way to those motions, but she did appear by telephone at the July 19, 2013 hearing. During the hearing, Judge Noel invited Hayes to submit any documents bearing on her claims that were in her possession, even though the deadline for submitting such documents had long passed. About a week after the hearing, Hayes submitted 234 pages' worth of materials. ECF No. 56.

The materials submitted by Hayes were not accompanied by any kind of an affidavit — such as an affidavit explaining what the materials were, attesting that they were authentic, or explaining if and when they had previously been provided to defendants. Defendants had no

opportunity to review these materials before they were submitted, and apparently they were given no opportunity to respond to the materials after they were submitted.  Instead, more than six months after the materials were submitted, Judge Noel issued his R&R in which he recommended that defendants' summary-judgment motion be denied as to Hayes's Eighth Amendment claims against Abbott and Diaz.  (While Hayes was incarcerated at FCI-Waseca, Abbott was the UNICOR superintendent and Diaz was the factory manager.  Abbott Decl. ¶ 1; Diaz Decl. ¶ 1.)  Judge Noel's recommendation was based on certain documents that Hayes had submitted and that Judge Noel interpreted as suggesting that Abbott and Diaz had some knowledge of Hayes's injury and yet failed to take action or to excuse her from work.  *See* R&R at 15-19.  In his R&R, Judge Noel also invited Hayes to move to amend her complaint, even though the deadline for bringing such motions had passed over a year earlier.  ECF No. 25.

Defendants object to these recommendations, in large part based on the argument that Judge Noel wrongly assumed that some of the documents submitted by Hayes had previously been submitted to the BOP or to UNICOR.[1]  But defendants seem to have overlooked the fact that Hayes's amended complaint is verified, which makes it equivalent to an affidavit for purposes of summary judgment.  *See Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 682 (8th Cir. 2012).  Defendants have therefore not addressed whether the allegations in Hayes's amended complaint, in combination with the documents that Judge Noel permitted her to submit, create a genuine issue of fact.  Although the Court is sympathetic to defendants' complaint that they should not have been sandbagged by Hayes's belated submissions, the Court believes that, at this

---

[1]It also appears to the Court that none of Hayes's evidentiary submissions are properly authenticated.  *See* Fed. R. Evid. 901.  Defendants have not objected on this basis, however.

point, the best course of action is to deny their motion as to the Eighth Amendment claims against Abbott and Diaz without prejudice. On remand, a full record can be developed, defendants can again seek summary judgment on those claims, and the issues can be properly briefed.

To that end, the Court makes several observations:

First, it is true, as the R&R notes, that Hayes is proceeding pro se, and "pro se litigants are held to a lesser pleading standard than other parties." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). But "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Moreover, "it is not the place of a district court to act as the petitioner's advocate." *Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001).

Second, as the party with the burden of proof, Hayes must cite admissible evidence in support of her claims. *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006); *Ince v. Aetna Health Mgmt., Inc.*, 173 F.3d 672, 677 (8th Cir. 1999). Documents dumped into the record without any kind of supporting affidavit are not "evidence" and should not be cited as a reason to deny a summary-judgment motion.

Third, the fact that the record *lacks* certain information (*see* R&R at 18) is a reason to *grant*, not *deny*, summary judgment. In *Celotex Corp. v. Catrett*, the Supreme Court held that:

> . . . the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In

> such a situation, there can be "no genuine issue as to any material
> fact," since a complete failure of proof concerning an essential
> element of the nonmoving party's case necessarily renders all other
> facts immaterial.  The moving party is "entitled to a judgment as a
> matter of law" because the nonmoving party has failed to make a
> sufficient showing on an essential element of her case with respect
> to which she has the burden of proof.

477 U.S. 317, 322-23 (1986) (citations omitted).  "Like any other civil litigant, [a pro se plaintiff is] required to respond to defendants' motions with specific factual support for [her] claims to avoid summary judgment."  *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).  If defendants again move for summary judgment — and, in response, Hayes fails to submit sufficient evidence to establish an essential element of her Eighth Amendment claims — defendants' motions should be granted.

And finally, no party should be permitted to conduct discovery or amend the pleadings unless that party can first establish good cause under Fed. R. Civ. P. 16(b)(4) to amend the pretrial scheduling order.  If, as it appears, Hayes did not comply with Fed. R. Civ. P. 26(a)(1), then defendants would likely be able to establish good cause to extend the discovery schedule (should they wish to do so).  It is unclear to the Court, however, how Hayes could establish good cause either to extend discovery or to extend the time for amending her complaint.

As to defendants' objection regarding the FTCA claims:  Judge Noel recommended that Hayes's claims under the FTCA be dismissed without prejudice for two reasons.  First, Judge Noel found that the FTCA claims should be dismissed "because the Inmate Accident Compensation Act (IACA) is the exclusive remedy for prisoners who suffer work-related injuries . . . ."  R&R at 20.  Second, Judge Noel found that the FTCA claims "would [also] fail because Hayes did not exhaust her administrative remedies."  R&R at 21 n.9.  The government

argues that Hayes's FTCA claims should be dismissed *with* prejudice, but the government is

incorrect:  Both a finding that an FTCA claim is precluded by the IACA[2] and a finding that an

FTCA claim is precluded by a failure to exhaust administrative remedies[3] are findings that a

court lacks jurisdiction over the FTCA claim — and a dismissal for lack of jurisdiction is

properly without prejudice.  *See Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir.

2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes

---

[2]*See, e.g.*, *Walker v. Reese*, 364 Fed. Appx. 872, 876 (5th Cir. 2010) (per curiam) ("Because the IAC system is Walker's exclusive remedy against the Government, the court lacks jurisdiction to adjudicate his FTCA claim."); *Walthers v. Fed. Bureau of Prisons*, No. 12-CV-196-DLB, 2013 WL 1856107, at *4 (E.D. Ky. Apr. 30, 2013) (holding that, because a prisoner was required to assert his claims under the IACA, "the Court lacks subject matter jurisdiction to entertain Walthers' . . . FTCA claims"); *Patterson v. Potope*, No. No. 4:11-CV-497, 2013 WL 1314050, at *27 (M.D. Pa. Mar. 28, 2013) (holding that, because the IACA is the exclusive remedy for a federal prisoner who is injured on the job, "the courts do not have jurisdiction to entertain an FTCA claim for an inmate's work-related injuries"); *Jones v. Fed. Bureau of Prisons*, No. 2:13-4-TMC-BHH, 2013 WL 876931, at *2 (D.S.C. Feb. 7, 2013) ("It is settled that prisoners covered by the IACA are precluded from bringing a claim for work-related injuries through the FTCA. . . . Consequently, this court is deprived of jurisdiction over any FTCA claim that Plaintiff attempts to raise . . . ."); *Saddoris v. United States*, No. 4:12cv1851, 2012 WL 6732139, at *4 (N.D. Ohio Dec. 28, 2012) ("Further, because the IACA is the exclusive remedy through which federal inmates employed in federal prison work programs can seek compensation for work-related injuries . . . this Court lacks subject matter jurisdiction to entertain plaintiff's claims under either the FTCA or *Bivens*.").

[3]*See, e.g.*, *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) ("A federal district court does not have jurisdiction over an FTCA claim unless it was 'first . . . presented to the appropriate federal agency . . . within two years of when the claim accrued.' . . . The district court therefore lacked jurisdiction over Allen's [FTCA] claim and erred by exercising jurisdiction over the claim.") (quoting *Walker v. United States*, 176 F.3d 437, 438 (8th Cir.1999)); *Daniels v. United States*, 135 Fed. Appx. 900, 901 (8th Cir. 2005) (per curiam) ("Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met."); *Osborn v. United States*, 918 F.2d 724, 728 (8th Cir. 1990) ("Compliance with . . . 28 U.S.C. § 2401(b) is a jurisdictional prerequisite to suit under the Federal Tort Claims Act (FTCA) . . . .").

subject matter jurisdiction is absent."); *Ahmed v. United States*, 147 F.3d 791, 797 (8th Cir.

1998) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of

jurisdiction is not an adjudication on the merits and thus such a dismissal should be without

prejudice.").

Finally, the Court notes that Judge Noel recommended dismissing Hayes's official-

capacity *Bivens* claims with prejudice on the basis of sovereign immunity.  Sovereign immunity

is jurisdictional in nature, however, and therefore these claims must be dismissed without

prejudice.  *See Roth v. United States*, 476 Fed. Appx. 95 (8th Cir. 2012) (per curiam).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the R&R

[ECF No. 59] is ADOPTED IN PART and REJECTED IN PART.  Accordingly, IT IS HEREBY

ORDERED THAT:

1.    The motion of defendant Dr. Willis for summary judgment and/or statutory

dismissal [ECF No. 47] is GRANTED.  All claims against Dr. Willis are

DISMISSED WITH PREJUDICE.

2.    The remaining defendants' motion to dismiss or for summary judgment [ECF

No. 27] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN

PART.

a.    The motion is DENIED WITHOUT PREJUDICE as to plaintiff's Eighth

Amendment *Bivens* claims against defendants Michael Abbott and Jorge

Diaz in their individual capacities.

b.    The following claims are DISMISSED WITHOUT PREJUDICE:

        i.      Plaintiff's claims under the Federal Tort Claims Act.

        ii.     Plaintiff's *Bivens* claims against the Federal Bureau of Prisons and the individual defendants in their official capacities.

   c.     All other claims are DISMISSED WITH PREJUDICE.

Dated: March <u>17</u>, 2014        <u>s/Patrick J. Schiltz</u>
                              Patrick J. Schiltz
                              United States District Judge